IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CORTEZ WILLIE SHIELDS,

                Plaintiff,                      OPINION AND ORDER

    v.

                                        17-cv-267-wmc

SHERIFF DAVE MAHONEY,

                Defendant.

---

The court previously granted *pro se* plaintiff Cortez Willie Shields leave to proceed on an Eighth Amendment conditions of confinement claim against Sheriff Dave Mahoney, based on his alleged exposure to lead in the drinking water and mold in his cell. (Dkt. #13.) In that order, the court denied him leave to proceed against other defendants because the complaint lacked sufficient allegations to determine their respective involvement. (*Id.* at 5 (citing *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (explaining that to demonstrate liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation)).) Before the court are two motions filed by Shields. The first is a motion for leave to amend his complaint to add a number of additional defendants, most of whom were named in his original complaint. (Dkt. #16.) For the reasons that follow, the court will grant him leave to proceed against Sgt. Skipenski, Lt. Immel, Deputy Merrill, Capt. Annalt and Lt. Pierce, but will deny him leave to proceed against Capt. Olson. Shields also filed a motion seeking recruitment of pro bono counsel. (Dkt. #28.) For the reasons that follow, the court will deny that motion without prejudice.

OPINION

I. **Motion for Leave to Amend Complaint**[1]

As described in the court's prior order, Shields complains that defendants violated his rights by subjecting him to unsafe environmental conditions, namely lead exposure from drinking hot water and exposure to mold in his cell, while he was housed in the Dane County Jail. Specifically, he complained of lead exposure from drinking hot water and exposure to mold in his cell.[2] The court granted him leave to proceed against Sheriff Mahoney. Shields seeks to add a number of other Dane County employees as defendants.

As explained in the prior order, assuming Shields' claims arise under the Eighth Amendment, Shields must allege facts as to each of the defendants that satisfy a test involving both an objective and subjective component. *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The objective analysis focuses on whether prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," *Farmer,* 511 U.S. at 834, or "exceeded contemporary bounds of decency of a mature, civilized society," *Lunsford,* 17 F.3d at 1579. The subjective component requires an allegation that prison officials acted wantonly and with deliberate indifference to a risk of serious harm to plaintiff. *Id.*

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously, resolving ambiguities and making reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

[2] Shields also complained about bugs, but the court denied him leave to proceed on a conditions of confinement claim based on bugs given that the alleged facts were not sufficiently extreme to give rise to an Eighth Amendment claim. (3/18/19 Op. & Order (dkt. #13) 4 (citing *Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008) (while unpleasant, allegation of cockroach infestation spanning six years, including being bitten twice, did not constitute a constitutional violation)).)

First, Shields seeks to proceed on claims against Sgt. Skipenski. Shields alleges that he complained to Skipenski about his concerns about lead exposure, and Skipenski responded inconsistently, informing him that "95 percent of the water lines are within establish[ed] standards," but also advising him not to drink the water. (Am. Compl. (dkt. #16) 2.) Shields further alleges that Skipenski told him that steps were being taken to address health concerns, but none were. The court finds these allegations sufficient to state an Eighth Amendment conditions of confinement claim against Skipenski based on lead exposure.

Shields also seeks to proceed against Lt. Immel. Shields alleges that he informed Immel of his concerns about lead in a grievance, and Immel responded in the same Skipenski responded -- namely, informing him that testing showed that 95% of the water lines were within established standards, but also telling him to not consume hot water. (*Id.* at 3.) The court similarly finds these facts sufficient to assert a claim against Immel.

Next, Shields seeks to add Deputy Merrill as a defendant based on her alleged awareness of mold in the showers, her statement that the showers were "disgusting" and that she would bring bleach and inform Sgt. Olson and Capt. Annhalt, but that she failed to take any of these steps. (*Id.* at 3-4.) The court finds these allegations sufficient to implicate Deputy Merrill in an Eighth Amendment conditions of confinement claim based on exposure to mold in his cell.

Shields also seeks add Capt. Annalt as a defendant based on his awareness of mold in the showers and issues with water, his promise to address the health and safety of the jail environment and his failure to do so. (*Id.* at 4.) Here, too, the court finds these

3

allegations are sufficient to assert an Eighth Amendment claim against Annhalt.

In his original complaint, Shields named a John Doe defendant, which he has now identified as Lt. Pierce. In his amended complaint, Shields alleges that Pierce reviewed an appeal of a grievance in which he complained about lead and mold exposure, and failed to take any action to address Shields concerns, and, as alleged, intentionally covered up the unfit living conditions. (*Id.* at 5.) The court finds these allegations sufficient to implicate the Eighth Amendment.

Finally, Shields seeks to name Capt. Olson as a defendant based on allegations that he knew his cell door would not open. (*Id.* at 4-5.) Shields, however, was not granted leave to proceed on a conditions of confinement claim based on his cell door not opening. Moreover, his allegations are insufficient to finds that difficulties with his cell door opening rise to the level of an Eighth Amendment claim. While Shields makes a passing reference to mold in this section of his amended complaint, this reference is insufficient to give rise to a reasonable inference that Olson was deliberately indifferent to Shields' exposure to mold.

In summary, the court will grant Shields leave to proceed on Eighth Amendment conditions of confinement claims against Sgt. Skipenski, Lt. Immel, Deputy Merrill, Capt. Annalt and Lt. Pierce, but will deny him leave to proceed against Capt. Olson.

## II. Motion for Recruitment of Pro Bono Counsel

Shields also seeks assistance from this court in recruiting pro bono counsel. A *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist *pro se* litigants in finding a

lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).

First, the court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and that he was unsuccessful or that he was prevented from making such efforts. *Jackson v. Cty. of McLean*, 953 F.2d 1070 (7th Cir. 1992). In his motion, Shields represents that he has written to five attorneys, three of whom responded that they could not assist him, and two never wrote back to him. (Dkt. #8.) The court finds this representation sufficient to fulfill the first requirement.

Shields, however, has not shown that this is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. Accordingly, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Here, Shields contends that he needs an attorney because he felt mislead and tricked into signing a release of his medical records to defendant's counsel based on a legal assistant signing a letter to plaintiff "Very truly yours." (Pl.'s Mot. (dkt. #28) 1; *id.*, Ex. 1 (dkt. #28-1).) Regardless of whether Shields' misunderstanding was reasonable, there was nothing misleading about the letter. Moreover, given that Shields has placed his physical health in issue in this case, by claiming that the alleged exposure to lead and mold impacted his health, defendant's request for him to authorized release of his medical records was entirely reasonable. As such, Shields suffered no prejudice by being mislead into believing that defendant's counsel's legal assistant somehow represented his interests.

Moreover, Shields mentions that he sat for a deposition and that he "understood little but [he] was honest." (Pl.'s Mot. (dkt. #28) 1.) No doubt, if Shields were represented by an attorney, the attorney could have explained the purpose of a deposition, but Shields' apparent concern with being unrepresented at a deposition does not warrant recruitment of counsel. Indeed, Shields also states that he answered defendant's counsel's questions honestly, which is all that is required during a deposition.

While Shields may face challenges in representing himself, he has adequately represented himself thus far. His filings, including his motion to amend, are readable and reflect an understanding of the relevant legal standards. This type of advocacy, while not grounded in expertise in the law, suggests that Shields will be able to continue to engage in discovery. Shields should review Judge Crocker's preliminary pretrial conference order, which provides further detailed guidance about the Federal Rules of Civil Procedure. Accordingly, Shields' motion will be denied at this time, without prejudice to his ability to

renew his motion if, as this case proceeds, the legal and factual difficulty of this case exceeds his ability to litigate it alone.

ORDER

IT IS ORDERED that:

1) Plaintiff Cortez Willie Shields' motion for leave to amend his complaint (dkt. #16) is GRANTED IN PART AND DENIED IN PART. Shields is granted leave to add the following individuals as defendants to his Eighth Amendment conditions of confinement claim based on his alleged exposure to lead and mold: Sgt. Skipenski, Lt. Immel, Deputy Merrill, Capt. Annalt and Lt. Pierce.

2) Plaintiff is DENIED leave to proceed on all other claims and against any other defendants.

3) The clerk's office will prepare summons and the U.S. Marshal Service shall effect service upon defendants Sgt. Skipenski, Lt. Immel, Deputy Merrill, Capt. Annalt and Lt. Pierce.

4) Plaintiff's motion for assistance in recruiting pro bono counsel (dkt. #28) is DENIED without prejudice.

Entered this 19th day of December, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge